IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JONATHAN CHARLES GRIGGS, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:23-CV-509-RAH-KFP |
| LEVI CHASE DONNELLY, et al., | ) |
| Defendants. | ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Jonathan Griggs filed this 42 U.S.C. § 1983 action on August 24, 2023, while incarcerated at the Lee County Detention Center. On August 28, the Court entered an Order informing Plaintiff that he must immediately notify the Court of any change of address and that failure to do so within ten days would result in dismissal. Doc. 2. The docket reflects that Plaintiff received this Order.

On February 15, 2024, an Order (Doc. 21) mailed to Plaintiff by the Clerk was returned by the postal service as undeliverable. Accordingly, on February 22, the undersigned entered an Order (Doc. 27) requiring Plaintiff to show cause why this case should not be dismissed for failure to prosecute and comply with court orders. The Order also warned that a failure to comply would result in a recommendation of dismissal. On March 15, Plaintiff's copy of this Order was returned as undeliverable.

Because of Petitioner's failure to comply with the Court's Order, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that dismissal for failure to obey a court order is generally

not an abuse of discretion where litigant has been forewarned). The authority to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket"). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo,* 864 F.2d at 102.

Accordingly, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

It is further ORDERED that by **April 8, 2024**, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered. The Recommendation if not a final order and, therefore, is not appealable.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1.

DONE this 25th day of March, 2024.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE